## CHAPMAN *v.* EXCELSIOR CANAL COMPANY.

WHERE the language of the deed is, " all that portion of the Union Ranch lying south of two oak trees, marked 'E. X. C.,' the same being the northern boundary," the true construction is that the deed passes only that portion of the ranch lying south of a line running through the trees named, and not that portion south of a line running through the trees and *extending throughout the ranch*.

APPEAL from the Fourteenth District.

Ejectment for a tract of land.   The language of the deed, upon the construction of which the case turns, after the usual words of grant, bargain and sale, etc., is, " all that portion of the Union

Ranch lying south of two oak trees marked ' E. X. C.,' the same being the northern boundary." On the trial plaintiff proved his prior possession and continued occupancy, and the entry of defendant, and rested.

Defendant then put in evidence the deed above named from plaintiff and wife to defendant. The Court below instructed the jury, in effect, that by the terms of the deed it was the intention of the parties to convey that portion of the ranch lying south of a line running through the trees named and extending entirely across the ranch. Verdict and judgment for defendant. Plaintiff appeals.

*F. J. Dunn & D. Belden,* for Appellant.

The deed conveys only the land due south of a line drawn from one oak tree to the other. (2 Parsons on Cont. 12, 13, 19, note; 2 Kent, secs. 555, 556; Chitty on Cont. sec. 95, 81; *Eaton* v. *Smith,* 20 Pick. 156; 2 Cromp. & Mees. 70; Smith on Cont. sec. 328; *Ellmaker* v. *Ellmaker,* 1 Whar. 89; 2 Id. 491; 5 Comyn's Dig. Title Parole, 339; 16 Law Lib. 473–475; 2 Co. Litt. B. 385; *Hough* v. *Horn,* 4 Dev. & Batt. 228; 7 Ired. 237; *Brand* v. *Ogden,* 1 Johns. 157; 4 Kent, sec. 466, note; Webst. Dic. " Boundary.")

*McConnell & Garber,* for Respondent, cited as to the construction of the deed, Broom's Legal Max. 353, 348 and cases; 2 Parson's on Cont. 13, 19; 4 East. 135; *Dull* v. *Brown,* 5 Cush. 294; 3 Mass. 361; 4 Id. 404; 3 Johns. 375; 16 Id. 176; 8 T. R. 605; *Bullin* v. *Deming,* 5 B. & C. 842; *Earl Cardigan* v. *Armitage,* 2 Id. 197; *Dunn* v. *Spurrier,* 3 B. & P. 399; 13 East. 80; *Hall* v. *Gittings,* 2 Har. & J. 112.

*Henry Meredith and C. H. Hill,* also for Respondent.

The terms of the deed are plain, and it was for the Court to construe it. (*Dodge* v. *Potter,* 18 Barb. 200; *Waterman* v. *Johnson,* 13 Pick. 261; *McCabe* v. *Prodat,* 25 Miss. 257; *Borday* v. *Borday,* 3 McCord, 267–272; *Crawford* v. *Morris,* 5 Grattan, 90; *Stanley* v. *Green,* 12 Cal.; *Jenny Lind Co.* v. *Bower Co.,* 11 Id. 194; *Fairbank* v. *Woodhouse,* 6 Id. 433.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This case involves the construction of a deed, which, after usual words of grant, describes the premises sold as all that portion of the Union ranch lying south of two oak trees, marked E. X. C. On reconsideration, we think the two trees mentioned were designed to mark a line of boundary, the portion of which tract south of the line being that conveyed. This construction gives effect to the language of the deed.

The Court gave a different construction to the deed, and for this error the judgment is reversed and cause remanded.